IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

JOHN C. HOM,

    Defendant.
                             /

No. C 13-03721 WHA

**ORDER GRANTING MOTION TO STRIKE DEFENDANT'S AMENDED ANSWER AND COUNTERCLAIM AND VACATING HEARING**

In this tax-penalty enforcement action, the government is seeking to collect unpaid civil penalty assessments arising from defendant's failure to report his interests in foreign banks or financial accounts. Defendant filed an answer on August 23, 2013 (Dkt. No. 6). Almost four months later, defendant filed an amended answer and asserted a counterclaim — without seeking leave pursuant to Rule 15(a). The counterclaim alleges the government improperly disclosed defendant's tax return information to the Department of Justice in violation of nondisclosure laws in the internal revenue code. The government now moves to strike defendant's amended answer and counterclaim. For the following reasons, the motion to strike defendant's amended answer and counterclaim is **GRANTED**.

Of some significance, defendant earlier sued the government in a similar action alleging that the IRS made unauthorized disclosures of his tax return information to the Department of the Treasury. That action was dismissed without leave to amend by the undersigned judge in an order dated September 30, 2013, due to futility. *John C. Hom, et al. v. United States*, No. 13-02243, 2013 U.S. Lexis 142818, at *6 (N.D. Cal.).

**ANALYSIS**

**1.   RULE 15.**

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once as a matter of course within 21 days after serving it, with the opposing party's written consent, or with the court's leave. A party waives a defense of insufficient service by failing to "include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." FRCP 12(h)(2).

The government contends that defendant's assertion of his counterclaim almost four months after filing the answer constituted undue delay. In response, defendant contends that he was not properly served with the lawsuit because he "was not living at his residence during the time of the alleged service" and therefore "the clock never started on the original answer" (Opp. 4). Defendant further contends that there is no violation with his bringing a counterclaim because of the two-year statute of limitations for Section 6103 violations (*ibid.*).

Defendant's arguments are without merit. *First*, defendant was personally served so his residence at the time of service is irrelevant (Dkt. No. 9). *Second*, defendant waived the affirmative defense of improper service when he failed to either include it in his original answer or move to raise the defense before filing his answer. *Third*, irrespective of the statute of limitations, defendant filed his amended answer and counterclaim almost four months after filing his answer. This is well beyond the 21 days allowed as a matter of course under Rule 15(a)(1). Defendant received neither written consent from the government or leave, therefore, defendant's amended answer was not properly filed.

**2.   ISSUE PRECLUSION.**

Even if, however, defendant had properly sought leave to file an amended answer, such leave would be denied because the counterclaim is barred by issue preclusion.

Defendant's counterclaim alleges that the government, in violation of 26 U.S.C. 6103, obtained tax return information from the IRS and made unauthorized disclosures to the Department of Justice in connection with a Foreign Bank Account Report ("FBAR") investigation. Defendant is barred from relitigating that issue because it was already decided in

the prior case. The September 30 order dismissing the unauthorized disclosure claim specifically stated, "Section 5314 is therefore a related statute under Section 6103 and the disclosures at issue in this action were lawful." *Hom*, 2013 U.S. Lexis 142818, at *6. The fact that in the prior action defendant addressed the Department of the Treasury and not the Department of Justice has no importance. The named parties in both actions are John C. Hom and the United States, and the asserted counterclaim — unauthorized disclosure of tax return information under Section 6103 — is the same claim made by defendant in the prior action. Defendant's counterclaim is thus barred and this order need not reach whether the counterclaim was properly pled.

Accordingly, the government's motion to strike defendant's amended answer and counterclaim is **GRANTED**. The hearing is **VACATED**.

**IT IS SO ORDERED.**

Dated: March 16, 2014

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3